UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIGNITY HEALTH,

        Plaintiff,

    v.

BLUE CROSS BLUE SHIELD OF GEORGIA, INC., et al.,

        Defendants.

Case No. 25-cv-07336-JST

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 19

Before the Court is Defendant Blue Cross Blue Shield of Georgia, Inc.'s ("Blue Cross Georgia") motion to dismiss. ECF No. 19. The Court will grant the motion.

## I.    BACKGROUND

Plaintiff Dignity Health owns and operates medical facilities in the State of California. ECF No. 16 ("Am. Compl.") ¶ 1. It provided medical care to members of Defendant Blue Cross Georgia. *Id*. ¶ 3. Blue Cross Georgia has a principal place of business in Atlanta, Georgia, and is organized under the laws of the State of Georgia. *Id*.; ECF No. 19-2 ¶ 2. Blue Cross Georgia sells health insurance contracts to individuals living in its designated service area, which encompasses all counties of Georgia. *Id*. ¶¶ 3–4. Blue Cross Georgia "does not sell [health insurance] contracts to individuals living outside of its service area." *Id*. ¶ 4. Blue Cross Georgia also acts as a third-party administrator of self-funded health plans, but does not receive any insurance premiums from the plans or its beneficiaries for those plans. *Id*. ¶¶ 5–6. Blue Cross Georgia is not licensed by the State of California to conduct business in California, including operating a "health care service plan" under § 1345 of the California Health and Safety Code. ECF No. 19-2 ¶¶ 7–10. Dignity Health nonetheless argues that Blue Cross Georgia "markets and sells insurance policies in California." ECF No. 25 at 10.

Blue Cross Georgia participates in the nationwide "Blue Card" program.  Am. Compl. ¶ 16.  "The Blue Card Program links patients and independent BLUE CROSS and /or Blue Shield Plans, across the country and abroad, with a single electronic network for claims processing and reimbursement."  *Id.*  Through the program, participating plans and their members may access a network of providers maintained by local BlueCard plans, such as California's local affiliate, Anthem Blue Cross.  *Id.* ¶¶ 9–11, 13–14.  When a patient covered by a Blue Cross Georgia plan receives care outside of Blue Cross Georgia's service area, "the Home Plan will reimburse the provider at a rate which equals (at a minimum) the levels received for providers under the provider's contract with its Host Plan, *i.e.*, the local Plan."  ECF No. 19 at 9 (citing *In re Blue Cross Blue Shield Antitrust Litig.*, 308 F. Supp. 3d 1241, 1255 (N.D. Ala. 2018)).  In this case, the contract in question is Dignity Health's contract with Anthem Blue Cross.  Am. Compl. ¶ 11.  "The Anthem Provider Contract refers to entities like Blue Cross as an 'Other Payor,' which term is defined in relevant part as 'persons or entities, utilizing the Managed Care Networks(s)/Plan Programs pursuant to an agreement with Anthem or an Affiliate, including other Blue Cross or Blue Shield Plans."  *Id.* ¶ 12.  Dignity Health alleges that it is obligated to treat Blue Cross Georgia members because of its provider contract.  *Id.* ¶ 13.

Blue Cross Georgia is not alleged to be a signatory to the provider contract with Dignity Health, *id.* ¶ 14, but is referred to as an "Other Payor."  *Id.* ¶ 12.  Under the relevant agreement, Dignity Health is required to look solely to Blue Cross Georgia for payment, but Anthem "help[s] either process the payments for [sic] facilitate the treatments, payments, and appeals."  *Id.* ¶ 15.

Between November 8, 2022 and August 20, 2024, Dignity Health provided care to thirteen individuals, whom Dignity Health alleges are domiciled in California.  ECF No. 25-2 ¶ 7.  Dignity Health alleges that the value of these services was $1,628,283.36, but that Blue Cross Georgia paid only a fraction of that amount.  Am. Compl. ¶¶ 24–27.

On July 8, 2025, Dignity Health sued Blue Cross Georgia in California state court to recover the amounts owed.  ECF No. 1-1.  On August 29, 2025, Blue Cross Georgia removed the action to this Court.  ECF No. 1 ¶ 4.  On October 2, 2025, Dignity Health filed an amended complaint, asserting two state law causes of action: breach of implied-in-fact contract and

2

quantum meruit.  Am. Compl. ¶¶ 28–69.  Blue Cross Georgia now moves to dismiss the amended complaint for lack of personal jurisdiction and for failure to state a claim.  ECF No. 19.  Dignity Health filed an opposition brief, ECF No. 25, to which Blue Cross Georgia replied.  ECF No. 26.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(2)

When a defendant objects to the Court's personal jurisdiction over it pursuant to Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Absent an evidentiary hearing, however, the plaintiff need only make a prima facie showing of personal jurisdiction.  *Id.* "Uncontroverted allegations in the plaintiff's complaint must be taken as true," and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).  "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger*, 374 F.3d at 800.  "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.* at 800–01.

## III.    SUBJECT-MATTER JURISDICTION

The Court has subject-matter jurisdiction.  28 U.S.C. § 1332.

## IV.    DISCUSSION

"Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (citation omitted).  Federal courts recognize two types of personal jurisdiction over a defendant: general and specific. *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 261–62 (2017) (citation omitted).  Blue Cross Georgia argues that the Court lacks both specific and general jurisdiction over it.

### A.    General Jurisdiction

It is well-established that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their

3

affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U S. 915, 919 (2011) (quoting *International Shoe v. Washington*, 326 U.S. 310, 317 (1945)).  Generally, corporations are at home in the states where they are incorporated or have their principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  Blue Cross Georgia is incorporated in and has its primary place of business in Georgia, not California.  ECF No. 25 at 13–14.

Plaintiff contends that "[i]f the non-resident defendant's activities in the state are 'continuous and systematic,' or 'substantial,' the court may assert general jurisdiction over a cause of action, even if it is unrelated to the defendant's forum activities."  ECF No. 25 at 13 (citing *Hirsch v. Blue Cross, Blue Shield of Kansas City* (9th Cir. 1986).  *Hirsch* is no longer good law. After *Daimler*, a state other than one in which the defendant is incorporated or has its primary place of business has general jurisdiction only in "exceptional circumstances." *Daimler*, 571 U.S. at 139 n.19.  "Exceptional circumstances, as noted in *Daimler*, do not exist merely whenever a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic, it is only whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 325 F. Supp. 3d 1088, 1095–96 (S.D. Cal. 2018) (quoting *Daimler*, 571 U.S. at 139 n.19) (citation modified).

*Martinez v. Aero Caribbean*, 764 F.3d 1062 (9th Cir. 2014) is illustrative.  In that case, the Ninth Circuit declined to find general jurisdiction where the defendant's contacts with California included contracts with California companies worth between $225 and $450 million; attendance at industry conferences; and promotion of products in California.  764 F.3d at 1070; *see also Dormoy v. HireRight, LLC*, 23-cv-02511-EMC, 2023 WL 5110942, at *5–6 (N.D. Cal. Aug. 9, 2023) (finding no general jurisdiction over the defendant when it had temporary headquarters and employment in California, given that defendant operated in a variety of states, with offices and executives spread across the nation).  This Court has previously denied general jurisdiction when every member of the defendant company's leadership team worked from California, its mailing address was in California, and it had multiple offices in California.  *See Walden v. Cooper Cos.*,

*Inc.*, No. 24-cv-0903-JST, 2024 WL 4261498, at *6 (N.D. Cal. Sept. 9, 2024).

Plaintiff asserts that Blue Cross Georgia members received "a significant number" of treatments in California, including "a significant number" provided by Dignity Health, and that Blue Cross Georgia, via the BlueCard program, is "likely a part of large contracts for services that [Blue Cross Georgia] knowingly entered into." ECF No. 25 at 14. Plaintiff also asserts that it contacted Blue Cross Georgia regarding payment for the services it provided. *Id.*

The Court finds that Plaintiff has not met the high bar for alleging "exceptional circumstances." Even if Plaintiff's disputed allegations were true, they would be insufficient to establish that Blue Cross Georgia is at home in California. *See, e.g., Walden*, No. 24-cv-0903-JST, 2024 WL 4261498, at *6.

### B.     Specific Jurisdiction

Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum [s]tate and is therefore subject to the [s]tate's regulation." *Goodyear*, 564 U.S. at 919 (quotations and citation omitted). In determining whether the exercise of specific jurisdiction is consistent with due process, courts are to consider:

> (1) The non-resident defendant must purposefully direct [its] activities or consummate some transaction with the forum or resident thereof; or perform some act by which [it] purposefully avails [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. With regard to the first prong, "[a] purposeful availment analysis is most often used in suits sounding in contract" and "[a] purposeful direction analysis . . . is most often used in suits sounding in tort." *Id.* The plaintiff bears the burden of proving the first two prongs; the burden then shifts to the defendant to show that jurisdiction is unreasonable. *Id.*

Dignity Health attempts to establish specific jurisdiction through the declaration of David Lambert, its Regional Vice President, California Revenue Cycle. ECF No. 25-1. Based on Lambert's declaration, it claims that Blue Cross Georgia directed its activities to California

5

residents by "market[ing] and sell[ing] insurance policies within the State of California, as the Patients pay premiums to [Blue Cross Georgia], while also living in California. ECF No. 25 at 16. But that is not what Lambert declared. He indicated that Dignity Health treated Blue Cross Georgia beneficiaries who "presented with California residential addresses" and "presented insurance cards with the [Blue Cross Georgia] logos," which "instructed Dignity Health to call or otherwise contact [Blue Cross Georgia]." ECF No. 25-1 ¶ 3. Lambert further stated that Dignity Health communicated with Blue Cross Georgia, *id*. ¶ 5, received payment from Blue Cross Georgia, *id.* ¶ 4, and that Blue Cross Georgia "approved, verified, denied services, and made such requests of Dignity Health for clinical information and caused such information to be sent in California." *Id.* ¶ 6.

Nothing in Lambert's declaration establishes that Blue Cross Georgia reached out to California, that California residents paid premiums to Blue Cross Georgia, or that Blue Cross Georgia sells or has sold health plans in California. ECF No. 26 at 6. Blue Cross Georgia notes that "Plaintiff does not claim that the 13 patients are primary beneficiaries of any purported health plan of [Blue Cross Georgia], nor does Plaintiff contend these patients are dependents of a primary beneficiary who is domiciled in California." *Id.* For its part, Blue Cross Georgia's declarant stated that it "does not contract with any physicians or medical facilities in California," "does not direct its members to seek treatment in California," "does not call, email, correspond with, or otherwise contact out-of-network providers in California proactively to confirm or solicit information" and that "such communication . . . [is] almost always initiated by the provider." ECF No. 19-1 ¶¶ 12–13. Lambert's declaration does not contradict any of those facts. ECF No. 25-1. This record falls well short of showing that Blue Cross Georgia "purposefully availed [itself] of the privilege of doing business in California." *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008).

Plaintiff also argues that Blue Cross Georgia's participation in the BlueCard program is sufficient to establish specific jurisdiction. Courts across the country who have considered similar arguments have rejected them. *See, e.g., Stanford Health Care v. CareFirst of Md., Inc.*, 716 F. Supp. 3d 811 (N.D. Cal. 2024); *Stanford Health Care v. Hawaii Med. Serv. Ass'n*, No. 21-cv-

United States District Court
Northern District of California

6720-HSG, 2022 WL 4021759, at *3 (N.D. Cal. Sept. 2, 2022); *Healthcare Ally Mgmt. of California, LLC v. Blue Cross Blue Shield of Minnesota*, 787 F. App'x 417, 418 (9th Cir. 2019); *see also Craig Hosp. v. Empire Healthchoice, Inc.*, No. 18-CV-00794-WYD-STV, 2019 WL 10258608, at *4–5 (D. Colo. Apr. 1, 2019) (collecting cases).

Plaintiff argues that the Court should reject those authorities and instead follow the Northern District of Alabama's decision in *In re Blue Cross Blue Shield Antitrust Litig.*, 225 F. Supp. 3d 1269 (N.D. Ala. 2016). Although Blue Cross Georgia does not address or distinguish this case, the Court nonetheless finds Plaintiff's argument unpersuasive. Claims brought under the Clayton Act—like those at issue in *Blue Cross Blue Shield Antitrust*—are subject to a jurisdictional provision that permits suit to be brought "in any district wherein [a corporation] may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found." *Id.* at 1291 (quoting 15 U.S.C. § 22). The present case does not involve the Clayton Act.

In short, Plaintiff's allegations regarding Blue Cross Georgia's contact with this district are insufficient. And "[w]hile [Blue Cross Georgia] could certainly anticipate that its insureds would travel out-of-state and need medical treatment, there is no reason for them to anticipate being sued in the forum where they received treatment." *Alaska Reg'l Hosp. v. Amil Int'l Ins. Co.*, No. A03-177 CV (JWS), 2003 WL 24085347, at *4 (D. Alaska Nov. 5, 2003); *see also St. Luke's Episcopal Hosp. v. Louisiana Health Serv. & Indem. Co.*, No. CIV.A. H-08-1870, 2009 WL 47125, at *8 (S.D. Tex. Jan. 6, 2009) ("merely providing out-of-state health coverage to insureds does not subject an insurer to personal jurisdiction in every foreign state in which an insured happens to obtain medical services").

The Court finds that Plaintiff has not shown Blue Cross Georgia has "purposefully availed [itself] of the privilege conducting activities in the forum," and therefore has failed to establish specific jurisdiction. *Schwarzenegger*, 374 F.3d at 802.

## C.    Jurisdictional Discovery

Dignity Health asks for an order permitting jurisdictional discovery. ECF No. 25 at 17. "A district court has broad discretion to permit or deny jurisdictional discovery." *Gillespie v.*

United States District Court
Northern District of California

*Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996, 1001 (N.D. Cal. 2016) (citation and quotation omitted). "[D]iscovery should be granted when . . . the jurisdictional facts are contested or more facts are needed." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). In this district, courts have held that "a plaintiff need not make out a prima facie case of personal jurisdiction before it can obtain jurisdictional discovery." *Calix Networks, Inc. v. Wi–Lan, Inc.*, No. 09-cv-06038-CRB (DMR), 2010 WL 3515759, at *4 (N.D. Cal. Sept. 8, 2010) (citation omitted). A plaintiff must merely present "a 'colorable basis' for jurisdiction, or 'some evidence' constituting a lesser showing than a prima facie case." *Id*. (citation omitted). But "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (citations omitted).

Dignity Health has failed to produce even "some evidence" that tends to establish personal jurisdiction. *Hawaii Med. Serv.*, No. 21-cv-6720-HSG, 2022 WL 4021759, at *5. Even taken as true, Plaintiff's allegations do not establish personal jurisdiction, and Blue Cross Georgia's declaration makes the lack of jurisdiction even more clear.

When presented with similar pleadings addressing similar issues, judges in this district have denied requests for jurisdictional discovery. *CareFirst of Md.*, 716 F. Supp. 3d at 817; *Hawaii Med. Serv.*, No. 21-cv-6720-HSG, 2022 WL 4021759, at *5. Plaintiff "has not met its burden to demonstrate which pertinent jurisdictional facts are disputed or how further discovery might 'demonstrate facts sufficient to constitute a basis for jurisdiction.'" *CareFirst of Md.*, 716 F. Supp. 3d at 817 (quoting *Laub*, 342 F.3d at 1093).

Dignity Health's request to conduct jurisdictional discovery is denied.

### CONCLUSION

For the foregoing reasons, the Court grants Blue Cross Georgia's motion to dismiss. Although it seems unlikely that Dignity Health can amend its complaint to allege facts sufficient to confer personal jurisdiction over Blue Cross Georgia, the Court grants such leave out of an abundance of caution. Leave to amend is granted solely to add new jurisdictional allegations.

Any amended complaint shall be filed within 21 days of the date of this order.

If no amended complaint is timely filed, the Court will dismiss this case.

**IT IS SO ORDERED.**

Dated:  April 7, 2026



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California